PEOPLE v MEYER

Docket No. 67347. Submitted November 4, 1983, at Grand Rapids.—
Decided February 6, 1984. Leave to appeal applied for.

Paul E. Meyer was bound over to circuit court on a charge of
delivery of less than 50 grams of a mixture containing the
controlled substance cocaine. Defendant moved in Kalamazoo
Circuit Court for a hearing on his defense of entrapment. At
the hearing before John E. Fitzgerald, J., it was adduced that a
narcotics investigation in the fall of 1981 by an undercover City
of Kalamazoo police officer had focused on defendant's girl-
friend, among others. On September 28, 1981, that officer had
purchased some LSD from defendant's girlfriend at the Kala-
mazoo residence which she shared with defendant. Defendant
was present at the time of that transaction. On the following
day, the officer returned to the Kalamazoo residence to pur-
chase some LSD from an acquaintance of defendant and, while
there, purchased one ounce of marijuana from defendant. On
October 21, 1981, the officer contacted defendant's girfriend
about the purchase of some cocaine. By this time, defendant
and his girlfriend had moved from the Kalamazoo residence to
an apartment in the City of Parchment. Later in the evening of
October 21, 1981, defendant called the officer and advised him
that defendant would sell the officer one gram of cocaine. The
officer then went to the Parchment apartment and purchased
from defendant a packet containing the mixture suspected to
contain cocaine. Defendant was not arrested until several
months later. It was undisputed that the Kalamazoo police
officer was not working in conjunction with the Parchment
Police Department, the Kalamazoo County Sheriff's Depart-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 203, 209.
    25 Am Jur 2d, Drugs, Narcotics, and Poisons § 43.
    Modern status of the law concerning entrapment to commit narcot-
    ics offense—state cases. 62 ALR3d 110.
    Entrapment to commit offense with respect to narcotics law. 33
    ALR2d 883.
[2] 5 Am Jur 2d, Arrest § 18.
    70 Am Jur 2d, Sheriffs, Police, and Constables § 27.

ment or the Michigan State Police at the time of the cocaine purchase at the Parchment location. Judge Fitzgerald concluded that the officer's purchase of the cocaine at the Parchment location was without legal sanction and dismissed *sua sponte* the charge against the defendant. The prosecution appeals. *Held:*

1. Since the City of Kalamazoo police officer was not working in conjunction with the Parchment police, the Kalamazoo County Sheriff's Department or the state police at the time of the purchase in Parchment and since that purchase does not fall within the scope of the provisions of the "hot pursuit" statute, the Kalamazoo police officer did not have any lawful authority to act as a police officer outside the jurisdictional boundary of the city for which he was an officer, the City of Kalamazoo.

2. The purchase by the police officer would be equally unlawful if the officer were treated as being a private citizen, since a private citizen has no lawful authority to engage in the unlawful purchase of the controlled substance under these circumstances.

3. Since the police officer, either as a police officer or a private citizen, did not have any lawful authority to make the purchase of the controlled substance within the City of Parchment, the purchase was an illegal act analogous to entrapment activities by police officers. The proper remedy for this illegal activity, like entrapment, is dismissal of the charge against the defendant. Accordingly, the trial court did not err in dismissing the charge against the defendant.

Affirmed.

J. H. GILLIS, J., dissented. He would hold that, even if the act of the police officer constituted a crime on the part of the officer because of his lack of lawful authority to make a drug purchase in the City of Parchment, the illegality of the officer's act did not prohibit him from swearing out the complaint or from giving testimony at the preliminary examination. He would hold that, since the examining magistrate properly found probable cause at the preliminary examination, the charge against defendant should not be dismissed. He would reverse and reinstate the charge against defendant.

OPINION OF THE COURT

1. CRIMINAL LAW — POLICE OFFICERS — ENTRAPMENT.

A city police officer who purchases a controlled substance at a location outside the city for which he is a peace officer and who

is not working in conjunction with the state police or a peace officer of the county, city, village or township in which the purchase is made is engaged in a transaction for which such officer has no lawful authority, either as a peace officer or a private citizen; the purchase of the controlled substance under such circumstances, being without statutory authority, is analogous to entrapment and mandates dismissal of criminal charges against the seller of the controlled substances in order to deter such police misconduct and to protect the judicial process.

DISSENT BY J. H. GILLIS, J.

2. CRIMINAL LAW — POLICE OFFICERS — BAILIWICK.

*The legality of a purchase of a controlled substance by a police officer outside his bailiwick under circumstances where the officer has no statutory authority to act in his official capacity does not affect the officer's ability to swear out a warrant for the arrest of the seller or to give testimony with respect to the transaction; accordingly, a criminal information charging delivery of a controlled substance should not be dismissed by reason of the fact that the officer exceeded his authority in making the purchase where a warrant has been sworn out and the magistrate has made a proper finding of probable cause following a preliminary examination.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Robert E. L. Wright,* Assistant Prosecuting Attorney, for the people.

*James E. Vander Roest,* for defendant.

Before: MacKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

MacKENZIE, P.J. The prosecutor appeals as of right from the trial court's order dismissing the charge against defendant of delivery of less than 50 grams of a mixture containing a controlled substance, cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The alleged offense occurred

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on or about October 21, 1981, in the City of Parchment, Michigan. Prior to trial, defendant moved for a hearing on his defense of entrapment pursuant to *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). The facts adduced at that hearing were as follows.

In September and October, 1981, Dale Carpenter, a Kalamazoo City Police Officer and the complainant herein, was working undercover in the investigation of controlled substance offenses. The investigation had focused on defendant's girlfriend, among others. Carpenter met defendant's girlfriend for the first time on September 28, 1981. On that day, Carpenter went to the residence she shared with defendant in Kalamazoo and purchased from her a small amount of LSD. Defendant witnessed this transaction. On the following day, Carpenter returned to the Kalamazoo residence to purchase some LSD from another acquaintance of defendant. While there, Carpenter purchased one ounce of marijuana from defendant.

Sometime before October 21, 1983, defendant and his girlfriend moved from the City of Kalamazoo to the City of Parchment, Michigan. At approximately 6:45 p.m. on October 21, 1981, Carpenter called defendant's girlfriend in reference to purchasing some cocaine. About 8:30 p.m. that same night, defendant called Carpenter and advised Carpenter that he could purchase a gram of cocaine from him. Carpenter then drove to defendant's Parchment apartment and gave defendant $105. Defendant left the apartment and later returned with a packet suspected to contain cocaine, which he gave to Carpenter. Defendant was not arrested until several months later in March of 1982.

The trial court questioned Carpenter regarding

his authority to operate in the City of Parchment. It is undisputed that the undercover operations were not in conjunction with the Parchment Police Department, the Kalamazoo County Sheriff's Department, or the Michigan State Police. The trial judge stated that he was not aware of any authority permitting an officer to operate outside his jurisdiction when such operation is not in conjunction with another law enforcement agency. The trial judge concluded that the actions of Officer Carpenter were without legal sanction and *sua sponte* dismissed the complaint against defendant.

Under MCL 764.2a; MSA 28.861(1):

"A peace officer of a county, city, village, or township of this state may exercise authority and powers outside his own county, city, village, or township, when he is enforcing the laws of this state in conjunction with the Michigan state police, or in conjunction with a peace officer of the county, city, village, or township in which he may be, the same as if he were in his own county, city, village, or township."

While admitting that Officer Carpenter's undercover purchase of cocaine from defendant in Parchment was not in conjunction with or authorized by any other law enforcement agency as required by the above statute, the prosecution relies on the "hot pursuit" exception found in MCL 117.34; MSA 5.2114, which provides as follows:

"When any person has committed or is suspected of having committed any crime or misdemeanor within a city, or has escaped from any city prison, the police officers of the city shall have the same right to pursue, arrest and detain such person without the city limits as the sheriff of the county."

We find this statute inapplicable to the facts of the present case. When Officer Carpenter entered the City of Parchment, he did not do so in order to arrest defendant for any crime defendant had or was suspected of having committed. Rather, the offense with which defendant was charged had not yet occurred. Also, the fact that approximately one month earlier defendant had allegedly sold marijuana to Carpenter in Kalamazoo was not the reason for Carpenter's entry into Parchment, as evidenced by the fact that Carpenter did not arrest defendant for this alleged sale of marijuana.

The prosecution next argues that, even if Officer Carpenter were acting outside his statutory authority as a police officer, dismissal was not the proper remedy because Carpenter still has the statutory authority as a citizen to swear to the factual allegations of the complaint against defendant and to testify at defendant's preliminary examination to support a finding of probable cause. MCL 764.1a, 766.13; MSA 28.860(1), 28.931. However, the flaw in this argument is that it overlooks the fact that the sole basis on which Carpenter might act as the complaining witness is his undercover drug purchase from defendant, and Carpenter had neither authority as a police officer nor as a private citizen to engage in this illegal drug transaction.

The prosecution also relies on *People v Bashans,* 80 Mich App 702; 265 NW2d 170 (1978), and *People v Burdo,* 56 Mich App 48; 223 NW2d 358 (1974), in support of its assertion that the court erred in dismissing the charge against defendant. However, those cases are distinguishable. In *Bashans, supra,* pp 712-713, this Court held that even though the police officers in arresting the defendant in another jurisdiction were acting outside

their police authority under MCL 764.2a; MSA
28.861(1) the arrest, nevertheless, was not unlaw-
ful because the officers had statutory authority as
citizens to arrest the defendant under MCL 764.16;
MSA 28.875. In the present case, the question is
not whether Officer Carpenter had authority to
arrest defendant (indeed, defendant's arrest did
not occur in Parchment), but rather whether he
had authority to engage in the drug transaction
which formed the basis of the offense charged
against defendant. We have already determined
that Carpenter did not have such authority as a
police officer, and clearly the statutory authority
of a citizen to make an arrest does not allow
citizens to engage in illegal drug transactions in
order to make an arrest.

In *People v Burdo, supra,* this Court held that,
even though a police officer lacked statutory au-
thority to arrest the defendant, the statutory viola-
tion did not require suppression of evidence seized
as a result of the arrest since the arrest was not
constitutionally invalid and thus the exclusionary
rule was inapplicable. The instant case presents
the altogether different issue of whether a defen-
dant may be prosecuted for an offense based on an
illegal transaction with a police officer who had no
authority, either as a police officer or a citizen, to
engage in the illegal transaction.

We hold that the trial court did not err in
dismissing the charge against defendant and that
dismissal is the proper remedy where a defendant
is charged with an offense based on a drug trans-
action with a police officer who acted outside his
jurisdiction and without statutory authority. We
find Officer Carpenter's drug purchase from defen-
dant without having statutory authority to do so is
analogous to entrapment activities by police offi-
cers, for which the remedy is dismissal of charges

against the defendant, *People v D'Angelo,* 401
Mich 167, 179; 257 NW2d 655 (1977). Like entrap-
ment, Officer Carpenter's engagement in an illegal
drug transaction without statutory authority
tainted the law enforcement process; and, in order
to deter such police misconduct and to protect the
integrity of the judicial process, dismissal of the
charge against defendant which arose out of that
unauthorized police activity is warranted. See *Peo-
ple v D'Angelo, supra,* pp 174, 179.

Affirmed.

T. C. MEGARGLE, J., concurred.

J. H. GILLIS, J. *(dissenting).* I dissent.
Under MCL 764.2a; MSA 28.861(1):

"A peace officer of a county, city, village, or township
of this state may exercise authority and powers outside
his own county, city, village, or township, when he is
enforcing the laws of this state in conjunction with the
Michigan state police, or in conjunction with a peace
officer of the county, city, village, or township in which
he may be, the same as if he were in his own county,
city, village, or township."

While recognizing that Officer Carpenter's actions
do not fall within the scope of this statute, I would
hold that it is irrelevant, as far as the criminal
charges against defendant are concerned, that Offi-
cer Carpenter was operating outside of his baili-
wick when the cocaine purchase from defendant
was made. Carpenter's lack of official capacity at
the time of the purchase does not affect his ability
to swear to the factual allegations in a complaint
necessary for a finding of reasonable cause by the
magistrate for the issuance of a warrant, MCL
764.1a; MSA 28.860(1), or to give sufficient testi-

mony at the preliminary examination to support a finding by the magistrate that a felony has been committed and that there is probable cause to charge defendant therewith, MCL 766.13; MSA 28.931. Contrary to the position taken by the majority, nothing in MCL 764.1a; MSA 28.860(1) requires that the complainant not have been acting illegally at the time the offense occurred. To so hold would lead to ridiculous conclusions: A prostitute severely beaten by a customer would be prevented from pressing charges; a criminal could not complain against his co-conspirator in exchange for leniency or immunity. The activity in which the complainant is engaged at the time of the crime may affect the credibility of that witness before a trier of fact. It should not result, however, in dismissal of charges *after* a warrant has been properly sworn out *and* there has been a proper finding of probable cause at the preliminary examination.

Whatever criminal prosecution or disciplinary measures Officer Carpenter may have exposed himself to by his actions in his investigation of the instant case, defendant should gain no benefit by this exposure.

I would reverse and reinstate the charge against defendant.